IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 15, 2010

## TYRONE W. VANLIER v. TURNEY CENTER DISCIPLINARY BOARD ET AL.

**Appeal from the Chancery Court for Hickman County**
**No. 09-295C      Jeffrey Bivins, Judge**

---

**No. M2010-01146-COA-R3-CV - Filed January 7, 2011**

---

An inmate at the Turney Center Industrial Complex filed this petition for writ of certiorari to challenge the ruling of the Turney Center Disciplinary Board that he failed to report for work, imposed a fine, and placed him on probation. After the Board's ruling was affirmed by the Warden and Commissioner of Correction, this petition was filed. The chancellor dismissed the writ. We affirm the ruling of the chancellor.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Tyrone Wyatt Vanlier, Only, Tennessee, Pro Se.

### MEMORANDUM OPINION[1]

PROCEEDINGS ON APPEAL

This appeal arises from a disciplinary proceeding at the Turney Center Industrial Complex. The defendants in this action include the Turney Center Disciplinary Board, its Chairman, and individual Board members, the Warden and the Commissioner of Correction.

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

By letter from David S. Sadlow, Assistant Attorney General, this court was advised that the Tennessee Attorney General's Office does not represent any of the named defendants because none of "the named Respondents sought representation from this office" and that "no responsive brief will be filed by the Attorney General's Office pertaining to this appeal."

Realizing that the Attorney General's Office does not represent any of the defendants and that none of the defendants filed a reply brief, this court afforded the individual defendants additional time in which to file their briefs, should one or more of them choose to do so. None of the defendants filed a brief and no one has made an appearance on their behalf. Although failing to file a reply brief is most irregular and not favored by this court, it is our duty to proceed with this appeal based on the record and the appellant's brief before us.

FACTS AND PROCEDURAL HISTORY

The facts and history relevant to the disciplinary proceedings at the Turney Center are set forth in Petitioner's brief under a heading he identified as the "Statement of the Case." It reads:

> On the morning of 9/9/09 petitioner was waiting in his cell for the work call. Officer Hensley never made that call out for inmates to report to work. Petitioner was written a disciplinary report for failure to report to work. Petitioner appealed to the warden and commissioner, each appeal was affirmed. Petitioner filed a writ of certiorari. The writ was denied January 26[th] 2010, for failure to file all the documents necessary to vest the court jurisdiction to hear the matter, according to there [sic] order. Petitioner filed a motion to amend, which was denied May 7[th] 2010. Petitioner filed a notice to appeal.

Petitioner also provided the following "Statement of the Facts":

> On 9/9/09 petitioner was written a disciplinary report for failure to report to work. On 9/14/09 petitioner attended a disciplinary hearing and was found guilty of the infraction and given a 5-dollar fine and placed on probation for 60 days. Petitioner appealed to the warden and commissioner, the appeal was affirmed by both.

This action followed. On December 28, 2009, Petitioner filed this petition for common law writ of certiorari to challenge the action of the Disciplinary Board, the Warden,

and the Commissioner. On January 26, 2010, prior to any defendants filing an answer or responsive pleading, the Chancery Court, acting *sua sponte*, issued the following order:

ORDER

The Petitioner filed this action seeking a common law writ of certiorari to review a disciplinary action at Turney Center. The Petitioner filed an affidavit of indigency requesting that the Court allow him to file this matter upon a pauper's oath. Pursuant to Tenn. Code Ann. § 41-21-805(a)(1) and (2), the Petitioner also was required to file a separate affidavit listing all lawsuits previously filed by the Petitioner and providing specific information regarding each such lawsuit.

A review of the filings by the Petitioner demonstrates that the Petitioner has failed to file this separate affidavit. Accordingly, the Petitioner has failed to file all of the documents necessary to vest this Court with jurisdiction to hear this matter. Therefore, the Petition is hereby Dismissed.

Thereafter, on February 22, 2010, Petitioner filed a motion to alter or amend the January 26 order. In support of the motion, Petitioner stated that his failure to comply was inadvertent and he attached an affidavit with the motion in an effort to satisfy Tenn. Code Ann. § 41-21-805(a)(1) and (2). After reviewing Petitioner's motion, the Chancery Court issued the following order:

ORDER

This matter is before the Court upon the Motion to Alter or Amend a Judgment filed by the Petitioner in this matter on February 22, 2010. On January 26, 2010, this Court dismissed the petitioner's action seeking a common law *writ of certiorari* to review a disciplinary action at Turney Center. This Court dismissed the action based upon the Petitioner's failure to file a separate affidavit listing all lawsuits previously filed by the Petitioner and providing specific information regarding specific information regarding each such lawsuit as required by Tenn. Code Ann. § 41-21-805(a)(1) and (2). The Petitioner now requests that the Court set aside that dismissal based upon the Petitioner now filing the required affidavit.

The Court notes that the Commissioner's decision was issued on November 2, 2009. The Petitioner now has filed the required affidavit on February 22, 2010. The filing of this required affidavit is well outside the sixty

(60) day limitation period for filing petitions requiring a common law *writ of certiorari*. Because the Petitioner failed to file all of the required documents with the Court within the sixth (60) day period following the Commissioner's decision, this Court has no subject matter jurisdiction over this action. *See Richard v. Tennessee Dept. of Correction*, 2010 WL 730144 (Tenn. Ct. App., April 29, 2010). Accordingly, the Petitioner's Motion to Alter or Amend is Denied.

This appeal followed.

ANALYSIS

Petitioner's issues on appeal are that the Chancery Court erred in dismissing the writ of certiorari prematurely and that the Chancery Court's grounds for dismissal are not factual. We find no merit to either contention.

The record before us is small, the facts are undisputed and the dispositive issue is straightforward. Having reviewed the record we find the grounds for dismissal of the petition are indeed factual, contrary to Petitioner's assertion that they are not. The record reveals that Petitioner did not provide the affidavit and information required by Tenn. Code Ann. § 41-21-805(a)(1) and (2) when the petition was filed. Thus, the Chancellor did not err in dismissing the petition.

After the petition was dismissed, Petitioner filed a Rule 59.04 motion to alter or amend the judgment. The trial court denied the motion. Whether to grant or deny a Rule 59 motion to alter or amend is within the absolute discretion of the trial court and we do not find that the trial court abused its discretion by denying the motion to alter or amend. Moreover, when Petitioner subsequently attempted to cure the deficiency, the sixty-day jurisdictional window had expired as the trial court correctly noted.

Accordingly, we find the Chancellor did not err in dismissing the writ of certiorari and we affirm the decision to dismiss the writ and to deny the motion to alter or amend for the reasons stated by the Chancellor in his orders.

IN CONCLUSION

The judgment of the trial court is affirmed and this matter is remanded with costs of appeal assessed against the appellant, Tyrone W. Vanlier.


_____
FRANK G. CLEMENT, JR., JUDGE

-5-